IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DIANE PRINDIVILLE, | Civ. No. 06-3071-AA |
|     Plaintiff, | OPINION AND ORDER |
|     v. | |
| MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration, | |
|     Defendant. | |

Phil Studenberg
200 Pine St.
Klamath Falls, OR 97601
    Attorney for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Britannia I. Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2904

1     - OPINION AND ORDER

Richard A. Morris
Special Assistant U.S. Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant

AIKEN, Judge:

Plaintiff Diane Prindiville brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for disability insurance benefits under Title II of the Act. For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

Plaintiff applied for disability insurance benefits on November 25, 2003. Tr. 63, 66. Plaintiff's application was denied initially and on reconsideration. Tr. 33, 38. After plaintiff timely requested a hearing, plaintiff appeared and testified before an administrative law judge (ALJ) on April 18, 2006. Plaintiff's husband and a vocational expert also testified. Tr. 204-37. On June 28, 2006, the ALJ issued a decision concluding that plaintiff was not disabled within the meaning of the Act. Tr. 12-21. The Appeals Council denied plaintiff's request for review, and the ALJ's ruling became the final decision of the Commissioner. Tr. 6-8. Plaintiff now seeks judicial review.

Plaintiff alleges disability since January 8, 2001 due to

bipolar episodes including psychotic episodes and hearing of voices. Tr. 67. At the time of the ALJ's decision, plaintiff was 42 years old with a college education and past relevant work as an account executive, assistant to a museum director, cocktail server, motel desk clerk, and salesperson. Tr. 63, 68-69, 72, 208.

**STANDARD OF REVIEW**

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

**DISABILITY ANALYSIS**

The Commissioner applies a five-step sequential evaluation process to determine whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520.

In this case, the ALJ found at step one that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 16; Yuckert, 482 U.S. at 140; 20 C.F.R. § 404.1520(b).

At steps two and three, the ALJ determined that plaintiff has "medically severe impairment or combination of impairments," including bipolar disorder, but that plaintiff's impairment did not meet or equal "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Tr. 16-17; Yuckert, 482 U.S. at 140-41; see 20 C.F.R. § 404.1520(c) and (d). Therefore, the inquiry proceeded to step four.

At step four, the Commissioner must evaluate the claimant's residual functional capacity (RFC) and determine whether the claimant can perform past relevant work. In doing so, the Commissioner must assess the sustained work-related activities the claimant can perform on a regular and continuing basis, despite the limitations imposed any impairment. 20 C.F.R. §§ 404.1520(e), 404.1545. In this case, the ALJ found that plaintiff retained the residual functional capacity (RFC) to perform simple, routine tasks

without much variation. Tr. 17. Based on this RFC assessment and the testimony of the vocational expert, the ALJ found that plaintiff was unable to perform her past relevant work. Tr. 19; 20 C.F.R. § 404.1520(f). Thus, the ALJ proceeded to step five.

At step five, the burden shifts to the Commissioner to demonstrate that there are a significant number of jobs in the national economy that the claimant can do, given the claimant's RFC, age, education, and work experience. Yuckert, 482 U.S. at 141-142; Tackett v. Apfel, 180 F.3d 1094, 1098-89 (9th Cir. 1999); 20 C.F.R. § 404.1560(c)(2). The ALJ found that plaintiff could perform other work as a produce packer, stitch machine operator, and small products assembler. Tr. 20; 20 C.F.R. § 404.1520(g). Accordingly, the ALJ found that plaintiff was not disabled under the Act.

**DISCUSSION**

Plaintiff alleges that she is unable to work because she hears voices and experiences hallucinations. Plaintiff also testified that confusion, stress, and fatigue further limit her ability to work. Tr. 209, 214, 217-18. Plaintiff argues that the ALJ erred in discounting her allegations and the testimony of her husband.

If a claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged and no affirmative evidence of malingering exists, the ALJ must provide clear and convincing reasons for

disregarding a claimant's subjective complaints. Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996); Cotton v. Bowen, 799 F.2d 1403, 1407-08 (9th Cir. 1986). In making these findings, the ALJ may consider objective medical evidence and the claimant's treatment history as well as any unexplained failure to seek treatment or follow a prescribed course of treatment. Smolen, 80 F.3d at 1284. The ALJ may also consider the claimant's daily activities, work record, and the observations of physicians and third parties with personal knowledge about the claimant's functional limitations. Id. Finally, the ALJ may employ ordinary techniques of credibility evaluation, such as the claimant's reputation for lying and prior inconsistent statements concerning the alleged symptoms. Id.

Notably, the ALJ accounted for plaintiff's alleged mental impairments by limiting her to simple, routine tasks with little variation, no detailed or complex instructions, and no close interaction with co-workers or the general public. Tr. 233. At the same time, the ALJ found that the medical evidence was inconsistent with plaintiff's testimony. Tr. 18. While an ALJ cannot reject the severity of subjective complaints solely on the lack of objective evidence, the ALJ may nonetheless look to the medical record for inconsistencies. See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599-600 (9th Cir. 1999). As noted by the ALJ, plaintiff's medical records reflect continuing improvement

in her condition, that medication was effective in controlling her bipolar symptoms, and that she was "content with her life as it is." Tr. 127-130, 166-170. Although plaintiff apparently had some difficulty with her medications in early 2004, by the end of 2004 and into 2005 her symptoms were under control and she was "doing very well." Tr. 192-98. Moreover, no care provider advised plaintiff that she needed rest or imposed specific limitations on her ability to work.

The ALJ also discounted plaintiff's testimony because her daily activities were inconsistent with her allegations of disability. Generally, the Act does not require that claimants be incapacitated to be eligible for benefits, Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989), because "many home activities are not transferable to a work environment where it might be impossible to rest periodically or take medication." Smolen, 80 F.3d at 1287, n.7. Here, however, the ALJ did not err in finding plaintiff's activities inconsistent with her allegations. As noted by the ALJ, the record indicates that plaintiff flew to Las Vegas and attended a family reunion, hosted out-of-town guests, and went hiking during the period of alleged disability. Tr. 162, 164, 193, 225. Further, the record reflects that plaintiff performed normal daily activities including preparing meals, performing housework and laundry, driving, shopping, making items for sale on eBay, reading, and listening to music. Tr. 91-92, 93, 95, 167-70.

Because this court must determine only whether there is substantial evidence in the record to support the ALJ's findings, Hammock, 879 F.2d at 501, I find that the ALJ provided legally sufficient reasons to support the determination that plaintiff's activities are inconsistent with the level of disability alleged by plaintiff and her husband. Accordingly, I find no error in the ALJ's credibility determination.

Plaintiff next argues that the ALJ erred by rejecting the opinion and conclusions of Drs. Melnick and Noble.

The medical opinion of a claimant's treating physician is entitled to special weight and deference because "[s]he is employed to cure and has a greater opportunity to know and observe the patient as an individual." Rodriguez v. Bowen, 876 F.2d 759, 761 (9th Cir. 1989). The ALJ may reject the uncontradicted opinion of a treating or examining physician by providing clear and convincing reasons supported by substantial evidence in the record. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). If contradicted, the ALJ may reject the opinion with specific and legitimate reasons. Andrews, 53 F.3d at 1043.

Here, Dr. Noble's records do not reflect the level of impairment alleged by plaintiff, and Dr. Noble imposed no limitations on plaintiff's ability to work. In April 2004, Dr. Melnick indicated that plaintiff had no exertional limitations, but

that plaintiff's ability to travel, understand, concentrate, and interact socially were somewhat impaired or impaired by plaintiff's bipolar disorder. Tr. 133. However, the ALJ's RFC determination took account of plaintiff's stated impairments with respect to understanding, concentrating, and interacting socially. Tr. 233. Further, Dr. Melnick's assessment is inconsistent with plaintiff's activities as noted above. Finally, the ALJ is correct that plaintiff's medical records do not document, report, or reflect the limitations described by Dr. Melnick. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999). Therefore, I find no error.

## CONCLUSION

The findings and conclusions of the ALJ that plaintiff is not disabled under the Act are supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED. IT IS SO ORDERED.

Dated this 28 day of October, 2007.

_____
Ann Aiken
United States District Judge